IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

KURTIS ADKISSON                              §
                                             §
        *Plaintiff*,                         §
                                             §
v.                                           §        Civil Action No.  SA-12-CV-893-XR
                                             §
WAL-MART STORES INC. et al.                  §
        *Defendants*,                        §
                                             §
                                             §
                                             §
                                             §

**ORDER**

On this date the Court considered the status of this case. Plaintiff Kurtis Adkisson filed his original petition in the 224th Judicial District Court of Bexar County, Texas. On September 25, 2012, Defendants Wal-Mart Stores and Steve Estrada filed a Notice of Removal to this Court. Plaintiff did not move for Remand.  However, this Court must examine its subject matter jurisdiction *sua sponte*. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Property and Cas. Insurance. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995). In this case, the Court must determine whether the amount in controversy requirement has been met. 28 U.S.C. §1332.  "Where, as here, the petition does not include a specific monetary demand, [the removing party] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.* This requirement is met under two

1

circumstances: (1) If it is clear from the face of the petition that the claims are likely to exceed $75,000 or, (2) the defendant sets forth summary judgment type evidence of facts that support a finding of the requisite amount. *Id.*

Plaintiff's complaint asserts a claim for premises liability resulting from a slip and fall incident caused by a clear liquid on the floor of Defendant's store. He alleges that Defendants breached a duty to him by causing a dangerous condition to exist and by permitting it to remain while he was on the premises to shop. As a result of said breach, Plaintiff asserts that he "sustained significant personal injuries," but does not describe these injuries with any further detail. The Complaint further states that discovery would be conducted under Level 2, which indicates that the claim amount exceeds $50,000. Tex R. Civ. P. 194.

In *Gebbia v. Wal-Mart,* 233 F.3d 880 (5th Cir. 2000), the plaintiff alleged that she suffered a similar fall at a Wal-Mart store. However, in *Gebbia*, the plaintiff also articulated specific injuries to her right wrist, left knee and patella, and upper and lower back, and specified damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement. The Court held that it was facially apparent from the petition that the amount in controversy exceeded $75,000 at the time of removal.

In contrast, the Fifth Circuit held in *Simon v. Wal-Mart,* 193 F.3d 848, 849-50 (5th Cir. 1999), that allegations that the plaintiff "suffered bodily injuries and damages including but not limited to a severely injured shoulder, soft-tissue injuries throughout her body, bruises, abrasions and other injuries to be shown more fully at trial, were insufficient to facially demonstrate that the amount in controversy would exceed $75,000." The Court noted that the

Complaint "alleged, with little specificity, damages from less severe physical injuries- an injured shoulder, bruises, and abrasions- and unidentified medical expenses for Simon, plus loss of consortium for Edwin" but "did not allege any damages for loss of property, emergency transportation, hospital stays, specific types of medical treatment, emotional distress, functional impairments, or disability, which damages, if alleged, would have supported a substantially larger monetary basis for federal jurisdiction." *Id*. at 851.

Therefore, the Fifth Circuit has generally held that when a petition alleges specific and extensive injuries, it may be facially apparent that the claim will exceed $75,000. However, when the petition more generally describes injuries and does not provide specific detail, it will not be facially apparent that the amount in controversy requirement has been satisfied. In this case, the petition alleges that Plaintiff "sustained significant personal injuries" from which he suffered damages including past and future physical pain and suffering, mental anguish, lost wages, medical expenses, physical impairment, physical disfigurement and loss of enjoyment of life. Since neither the specific injuries nor the scope of damages are described in detail, it is not facially apparent that the amount in controversy would exceed $75,000.

As a result, the removing party must rely on "facts in controversy" or summary-judgment type evidence to establish that the jurisdictional threshold is met. In that regard, Defendant relies solely on Plaintiff's refusal to sign a stipulation that he would not seek damages over $75,000. Doc. No 1.  Defendant asserts that courts have found that such refusal "constitutes evidence that the amount in controversy may exceed" $75,000. However, Texas district courts have held that such a refusal is merely a factor in determining whether remand is appropriate. *Johnson v. Dillard Dept. Stores*, 836 F. Supp, 390,394 (N.D. Tex. 1993).

Courts expressly state that a refusal to stipulate "alone it is not a reason to deny remand" and consider the other evidence in the record to determine whether Defendant has met its burden to prove that, more likely than not, the amount in controversy exceeds $75,000.

Finally, the Court must ensure that there is complete diversity of the parties. 28 U.S.C. §1332. The Notice of Removal indicates that Defendant Estrada is a resident of Texas, which would preclude complete diversity because Plaintiff is also a Texas resident. However, citizenship of a non-diverse party may be disregarded if improper joinder is established. *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992). Defendant Estrada is being sued in his individual capacity as the store's general manager. Under Texas law, a corporate agent such as Estrada will only be liable "when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby*, 935 S.W. 2d 114, 117 (Tex. 1996). Thus, it appears from the face of the State court petition that Defendant Estrada was improperly joined.

Accordingly, DEFENDANTS are ORDERED to show further evidence in writing on or before **August 30, 2013**, that the amount in controversy in this case would exceed $75,000 at the time of removal. PLAINTIFFS are ORDERED to show cause why Defendant Estrada is properly a party to this case by the same date.

SIGNED this 15th day of August, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE