IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KURTIS ADKISSON | § § § § | |
| *Plaintiff*, | | |
| v. | § § § § § § § § § § § | Civil Action No.  SA-12-CV-893-XR |
| WAL-MART STORES INC. et al. *Defendants*. | | |

**ORDER**

On this date the Court considered the status of this case. Plaintiff Kurtis Adkisson filed his original petition in the 224th Judicial District Court of Bexar County, Texas. On September 25, 2012, Defendants Wal-Mart Stores and Steve Estrada[1] filed a Notice of Removal to this Court. The basis of removal was diversity jurisdiction under 28 U.S.C. § 1332, which requires that the amount in controversy between the parties exceed $75,000. Although Plaintiff did not seek to remand the case, this Court must examine its subject matter jurisdiction *sua sponte*. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). Neither the Notice of Removal nor the state court petition made it clear that the claims exceeded $75,000. Therefore, on August 30, 2013, this Court ordered the parties to show cause that the amount in controversy requirement had been satisfied. (Doc. No. 33).

---

[1] Plaintiff has stated his intention to file a stipulation of dismissal against Defendant Estrada. Doc. No. 37.

## LEGAL STANDARD

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Property and Cas. Insurance. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995). In this case, the Court must determine whether the amount in controversy requirement has been met. "Where, as here, the petition does not include a specific monetary demand, [the removing party] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id*. This requirement is met under two circumstances: (1) If it is clear from the face of the petition that the claims are likely to exceed $75,000 or, (2) the defendant sets forth summary judgment type evidence of facts that support a finding of the requisite amount. *Id.*

## DISCUSSION

In response to the show cause order, Defendants have produced sufficient evidence to support a finding that the amount in controversy requirement has been met. Plaintiff's state court petition indicates that he seeks recovery for the following damages: (1) past and future pain and suffering, (2) past and future mental anguish, (4) past and future medical expenses, (5) past and future physical impairment, (6) past and future physical disfigurement, and (7) past and future loss of enjoyment of life.[2]

From the evidence produced, it is likely that the amount in controversy requirement has been met solely on the basis of past and future medical expenses. Defendants' exhibits indicate that Plaintiff has spent $40,532 on past medical expenses. Defs.' Ex. B, C, D, E.

---

[2] The state court petition states that discovery would be conducted under Level 2, which indicates that the claim amount exceeds $50,000. *See*, Tex R. Civ. P. 194.

Moreover, Defendant has produced evidence indicating that Plaintiff will require future lumbar fusion surgery. Defs.' Ex. H. While it is difficult to quantify precisely how much such a surgery will cost, Defendants estimate that it could range in price from $67,000 to $124,000. Doc. No. 26 at 7.  Even at a discounted price, Plaintiff's future medical expenses, when combined with his past expenditures, likely puts the amount in controversy over $75.000. These calculations only account for one of the seven categories of damages that Plaintiff seeks.  A jury would be entitled to award further damages on the remaining claims.  This adds further evidence that the amount in controversy will exceed the statutory requirement.  Finally, there is the Plaintiff's refusal to sign a stipulation that he would not seek damages over $75,000. Doc. No 1.  While such a stipulation does not automatically necessitate a finding that the amount in controversy requirement has been met, it is a factor to be considered. *Johnson v. Dillard Dept. Stores*, 836 F. Supp, 390,394 (N.D. Tex. 1993).

## CONCLUSION

The Court finds that the Defendants have met their burden of establishing by a preponderance of the evidence that the amount in controversy will more likely than not exceed the statutory requirements.

SIGNED this 3rd day of September, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE