IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KURTIS ADKISSON | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No.  SA-12-CV-893-XR |
| WAL-MART STORES INC. | § | |
| *Defendant*. | § | |

**ORDER**

On this date, the Court considered Defendant's motion for summary judgment in the above captioned case.  Doc No. 38.   For the following reasons, the motion is GRANTED.

**BACKGROUND**

On August 19, 2010, Plaintiff Kurtis Adkisson visited a San Antonio Wal-Mart store. After purchasing several items, Mr. Adkisson slipped and fell on a puddle of clear liquid.  Mr. Adkisson suffered severe injuries to his shoulder and back.  On August 9, 2012, Mr. Adkisson filed his original petition in the 224th Judicial District Court of Bexar County, Texas.  Plaintiff asserts a cause of action for premises liability.  On September 25, 2012, Defendant Wal-Mart removed the case to this Court on the basis of diversity jurisdiction.  On August 30, 2013, this Court ordered Wal-Mart to show cause that the amount in controversy requirement had been satisfied. Doc. No. 33.  The Court reviewed Wal-Mart's response and determined that it had subject matter jurisdiction over the case. Doc. No. 39.  On August 30, 2013, Defendant filed this motion for summary judgment. Doc No. 38.

**LEGAL STANDARD**

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-252 (1986). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails . . . to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The court must draw reasonable inferences and construe evidence in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the evidence is viewed in the light most favorable to the nonmoving party, a nonmovant may not rely on "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" to create a genuine issue of material fact sufficient to survive summary judgment. *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004).

**DISCUSSION**

To recover on a premises liability theory under Texas law, a plaintiff must establish that: (1) the owner/operator of the premises had actual or constructive knowledge of some dangerous condition, (2) the condition posed an unreasonable risk of harm, (3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk and; 4) the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262 (Tex. 1992). Wal-Mart moves for summary judgment on the

basis that Mr. Adkisson is unable to show that Wal-Mart had either actual or constructive knowledge of the liquid which caused his accident. Doc. No. 38. To establish actual or constructive knowledge, a plaintiff must demonstrate either that: 1) Defendant placed the liquid on the floor, 2) Defendant actually knew the liquid was on the floor and negligently failed to remove the liquid; or 3) It was more likely than not that the liquid was on the floor long enough to give Defendant a reasonable opportunity to discover the liquid (i.e. constructive notice). *Id.* at 265.

1. Actual Notice:

Mr. Adkisson argues that two pieces of evidence establish a genuine fact issue as to Wal-Mart's actual knowledge of the liquid that caused the accident. First, Mr. Adkisson offers the uncontested fact that there was a floor mat on the ground near the site of the accident. The parties vigorously dispute whether this creates a factual question as to whether Wal-Mart was actually aware of the spill. Mr. Adkisson's theory is that the mat would not normally have been there absent some dangerous condition, and therefore its placement is evidence that Wal-Mart was aware of such a condition. Doc. No. 40 at ¶ 21. Since it is *possible* that Wal-Mart placed the mat there to address the liquid upon which he fell, Mr. Adkisson asks the Court to infer that it must have known of the dangerous condition. Although the Court resolves all inferences in favor of Mr. Adkisson as the non-movant, the Court cannot infer, without further evidence, that the mat was placed to address the liquid in question simply because that is within the realm of possibility.[1]

---

[1] In an unpublished opinion, a Texas Court of Appeals has held that the placement of a mat near the area of a fall does not alone raise an inference of actual knowledge sufficient to preclude summary judgment. *Lopez v. Regent Care Ctr.*, No. 04-09-00529-CV, 2010 WL 3700180 (Tex. App. – San Antonio Sept. 22, 2010, pet. denied) (mem.op.)

3

Plaintiff is actually asking the Court to draw several unsubstantiated inferences in his favor. Mr. Adkisson argues that Wal-Mart placed the mat to "cover up" the condition which caused his injury. Doc. No. 40. The evidence shows the mat was there for at least an hour, if not more, before Mr. Adkisson fell.[2] The liquid that Mr. Adkisson fell on either came from a spill or from some sort of leak. If the liquid came from a spill and Wal-Mart placed the mat there to address it, then they must have known about it for at least an hour before the accident occurred. Plaintiff therefore asks the Court to infer that: (1) Wal-Mart chose not to clean up the liquid, 2) Wal-Mart chose instead to address the spill by placing a mat over it, and 3) the mat did not dry up the liquid over the course of an hour. Moreover, there is no evidence that the liquid was caused by a leak. Wal-Mart's employees testified that they were unaware of any leak in the store. Doc. No. 30. Exs. C & D. The placement of the mat near the site of the accident does not create a reasonable inference that Wal-Mart had actual knowledge.

Mr. Adkisson offers no evidence that the mat was placed where it was to address the dangerous condition. At the depositions of the store manager and the assistant store manager, Plaintiff obtained the unsurprising concession that Wal-Mart sometimes uses mats to address slip and fall hazards. Doc. No. 38. Exs. C & D. The relevant question here is whether this mat was put down to address the liquid that caused Mr. Adkisson's fall. On that issue, Plaintiff has no evidence. In *Pipkin*, a Texas Court of Appeals overturned summary judgment for defendant where its employee testified that she had cleaned up ice that had fallen on the floor and then placed a caution sign to warn others of the potential hazard before plaintiff's fall occurred. *Pipkin v. Kroger Texas, L.P.*, 383 S.W.3d 655, 670 (Tex. App.-Houston [14th Dist.]

---

[2] Mr. Adkisson has submitted a screen shot of video surveillance time-stamped at 1:04 P.M. Doc No. 40. Ex. E. Wal-Mart has submitted a similar screen shot showing the mat in place at 12:04 P.M. Doc No. 42. Ex. A.

2012, pet. denied) (internal quotations omitted).  Therefore, testimony showing that an employee knew of a dangerous condition and took action to fix it is sufficient to establish a fact issue as to actual knowledge.  In this case, however, Mr. Adkisson does not offer any testimony from Defendant's employees indicating that they were ever aware of the liquid or had placed the mat to address the spill.  To the contrary, the store manager testified at deposition that the mat in question "may" have been placed there to smooth out an uneven portion of the floor.  Pls's Ex. E.  Therefore, the claim that the mat was there to address the liquid which caused the fall is speculation.

Second, Mr. Adkisson argues that screen-shots of video surveillance footage establish that Defendant created the condition and thus has actual knowledge. The screen-shots submitted to the Court show an individual standing over a mat in the corridor between the check-out aisles and the store's entrances and exits. Doc. No. 40. Ex. E.  Mr. Adkisson claims that the individual in the screen shot is a maintenance employee who is pushing a cart with a mop bucket through the area where the fall later occurred.  Although this is not entirely clear from the screen-shots provided, the Court views this evidence favorably to Plaintiff by assuming that the evidence shows a Wal-Mart employee in the area of the fall with a mop bucket.

Mr. Adkisson cites no authority for the proposition that an employee's presence in the area of the accident creates an inference that he or she created the condition. In *Corbin v. Safeway Stores, Inc.*, Safeway argued that it lacked actual knowledge that the specific grapes that caused plaintiff's accident had fallen off their display and onto the ground. 648 S.W.2d 292 (Tex.1983).  The Texas Supreme Court rejected this argument, and instead held that actual

knowledge of the dangerous condition could be inferred from Safeway's knowledge of the "unusually high risk" of harm associated with self-service grape displays. *Id.* at 296. *Corbin* does not compel a different result in this case. There is not an "unusually high risk of harm" associated with having maintenance employees working during hours of operation. On the contrary, it would create a greater risk of injury if Wal-Mart did not have employees, such as the one pictured in the screen-shot, addressing the various maintenance and cleanliness issues that come with operating a large store. Accordingly, it is not appropriate to infer that Wal-Mart knew of the spill merely because an employee was in the area with a bucket.[3]

Mr. Adkisson has produced no actual evidence to show that that employee in the screen-shot created the spill. In addition, this theory of causation directly contradicts the argument that Wal-Mart must have known about the liquid based on the placement of the mat. The screen-shot shows (and Plaintiff concedes) that the mat in question is already present when the employee walks by with the bucket. Therefore, if Wal-Mart's employees placed the mat there because they knew about the liquid, it must have already been there *before* the employee in the photo passed by. While it is appropriate to advance arguments in the alternative, the logical inconsistency between these two theories reinforces the absence of competent evidence. Accordingly, the Court finds that Mr. Adkisson is unable to meet his burden of demonstrating that Wal-Mart had actual knowledge of the dangerous condition.

2. Constructive Notice:

The Court now turns to the issue of whether Wal-Mart can be charged with constructive notice. Under the "time-notice" rule, a plaintiff must show evidence that the dangerous

---

[3] Under Texas law, an employee's presence near the site of the accident is insufficient to establish even constructive knowledge. *Wal-Mart Stores v. Reece*, 81 S.W.3d 812 (Tex. 2002). If Texas courts reject inferring knowledge from an employee's presence, it would be inappropriate to infer that the employee created the dangerous condition merely based on the employee's presence.

condition existed for some length of time in order to establish constructive notice. *Wal-Mart Stores v. Reece*, 81 S.W.3d 812 (Tex. 2002) ("[T]here must be some proof of how long the hazard was there before liability can be imposed."). If a plaintiff can establish that the dangerous condition existed for some period of time, it is up to the trier of fact to determine, based on the totality of the circumstances, whether the proprietor had a reasonable opportunity to discover the condition. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934 (Tex. 1998). In his deposition, Mr. Adkisson testified that he fell in a crowded area of the store near the cash registers. Doc. No. 40. Ex. A. In *Reece*, plaintiff fell in a pool of liquid located in a crowded Wal-Mart snack bar. Even though a Wal-Mart employee had just walked past the puddle while on break, the Texas Supreme Court held:

> An employees' proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was *possible* for the premises owner to discover the condition, not that that premises owner reasonably should have discovered it. Constructive notice demands a more extensive inquiry. Without some temporal evidence, there is no basis upon which fact finder can reasonably assess the opportunity a premises owner had to discover the dangerous condition.

*Reece*, 81 S.W. 3d at 816 (emphasis in original).

In addition, Mr. Adkisson stated that he fell in a puddle of "almost dirty water, because it had trails of baskets that had gone through it." Doc No. 38. Ex. 3. In *Gonzalez*, the Texas Supreme Court held that the presence of dirt and cart tracks in a pile of macaroni salad was insufficient to establish that the salad had been on the ground long enough to satisfy the time-notice rule. *Gonzalez*, 968 S.W. 2d at 937. Accordingly, Mr. Adkisson cannot rely on the tracks running through the puddle to establish constructive knowledge. Mr. Adkisson concedes that he is "unable to testify as to how long the water had been there." Doc. No. 40 at

¶ 15. Plaintiff nevertheless argues that the cumulative effect of the tire tracks, the size of the puddle, and its location in a busy area are sufficient to preclude summary judgment. The Court agrees with Defendant that *Reece* forecloses this cumulative argument by expressly requiring some temporal evidence in order to establish constructive notice. In this case, Mr. Adkisson has failed to offer any evidence indicating how long the liquid was on the floor. Accordingly, he will not be able to establish that it was more likely than not that the liquid was there long enough for Wal-Mart to have had a reasonable opportunity to find it.

## CONCLUSION

In light of the foregoing analysis, Defendant's motion for summary judgment is GRANTED. Doc. No. 38. The Clerk is directed to CLOSE this case and issue a judgment that Plaintiff take nothing on his claims, which are hereby DISMISSED ON THE MERITS. Defendant is awarded costs of court and shall file a Bill of Costs in accordance with the local rules.

SIGNED this 9th day of October, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE